## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT B. WRIGHT,        )<br>                                         )<br>        Petitioner,    )<br>                                         )<br>v.                                     )          No. 1:07-cv-682-SEB-WTL<br>                                         )<br>INDIANA PAROLE BOARD,  )<br>DOC,                                )<br>                                         )<br>        Respondents.  ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Robert B. Wright seeks a writ of habeas corpus.

For the reasons explained in this Entry, this action must be dismissed without prejudice.

**Discussion**

Wright has conceded that the conviction and/or custody challenged in this action is the same which was challenged in the Marion Superior Court in a post-conviction action decided on May 15, 2007. In further statement of what error exists in the state court's resolution of the case decided on May 15, 2007, Wright has made the statement that the court had no jurisdiction to rule or grant relief because "the State put it in the wrong court [room]."

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

Plainly, Wright has not done this, for if an appeal from the denial of his petition for post-conviction relief is pending, it has not been decided, while if no appeal has been filed, he has abandoned the appellate process open to him. In either event he cannot launch his challenge directly with this court at this time.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). That authority is conferred, in this case, by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court,* and this is an appropriate case for such disposition because the petition plainly shows on its face that the petitioner is not entitled to the relief he seeks. The supplements to the petition do not alter this disposition.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 06/25/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana